UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JERRY LEE MCCABE, et.al., )
    Plaintiff, )
)
v. ) 17-CV-4057
)
HUGO CHAVIANO and )
JAMES T. DIMASS, )
    Defendants. )

## OPINION

    Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

    In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff is civilly detained at Rushville pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. His complaint lists two Defendants including Director of the Illinois Department of Labor Hugo Chaviano and Secretary of the Department of Human Services James Dimias. Plaintiff states the Defendants have violated his constitutional rights, as well as various statutes, by denying Plaintiff minimum wage for the work he does at Rushville.

Courts have previously considered and rejected this claim finding a Rushville detainee "is not entitled to minimum wage for performing his job at the detention center. Plaintiff has no right based on federal law to even have a job while in the detention center, much less a right to be paid what he perceives to be a fair wage." *Young v. Monahan*, 2007 WL 2700011, at *1 (C.D.Ill. July 19, 2007)(internal citations omitted); *see also Tineybey v. Saddler*, 2012 WL 701480, at *2 (C.D.Ill. March 5, 2012) (Plaintiff has no federal right to a job inside the facility and no right to earn any wages.); *see also Bennett v. Frank,* 395 F.3d 409, 410 (7th Cir.2005); *McKune v. Lile,* 536 U.S. 24 (2002); *Wallace v. Robinson,* 940 F.2d 243, 248 (7th Cir.1991). Plaintiff has failed to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED:

1.  Plaintiff's petition to proceed in forma pauperis is denied. [4] Plaintiff's complaint is also dismissed for failure to state a claim. The Clerk of the Court is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58. The case is closed.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED this 22nd day of May, 2017.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE